

**ALEXANDER LEONG, ESQ.**
ALEONG@FORCHELLILAW.COM
**PARTNER**

June 14, 2024

**VIA ECF**
The Honorable Taryn A. Merkl
U.S. Magistrate Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: **Status Report**
      **Case:** *Munguia v. Green Village Meat Market Corp., et al.*
      **Case No.: 22-cv-00412 (TAM)**

Dear Judge Merkl:

  This law firm represents defendants, Green Village Meat Market Corp. ("GVMM") and Marcelo Martinez (collectively, "GVMM Defendants"), in the above-referenced case.[1] In compliance with Your Honor's May 14, 2024 Order, we respectfully submit this letter together with counsel for plaintiff, Elpidio Arnulfo Munguia, to apprise the Court as to the status of this case and to jointly request that discovery be re-opened and the discovery deadlines be extended.[2]

  No settlement was reached between the parties in this case and thus no settlement documents have been submitted for Court approval in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Notwithstanding the foregoing and without admitting any wrongdoing or liability, the GVMM Defendants continue to discuss potential settlement of this matter with Plaintiff.

  In a good faith attempt to reignite settlement discussions, the GVMM Defendants recently produced copies of Plaintiff's time records to Plaintiff's counsel, Katelyn Schillaci, Esq., a portion of which had been previously produced by prior counsel. Based on our recent discussions with Ms. Schillaci regarding these records, potential settlement, and the status of this case, the parties

---

[1] This firm appeared as new counsel for the GVMM Defendants on April 8, 2024. The GVMM Defendants were previously represented by Jason Mizrahi, Esq.

[2] On June 13, 2024, I spoke with Jason Mizrahi, Esq., counsel for defendant Fernando Martinez, to request his position on the status of this case. Mr. Mizrahi stated that his firm did not represent any of the defendants in this matter and thus he believed it was unnecessary for his firm to file any status report. I advised Mr. Mizrahi that I believed that his position is incorrect and urged him to review the Court's docket.

The Honorable Taryn A. Merkl, U.S. Magistrate Judge
U.S. District Court, Eastern District of New York
June 14, 2024
Page 2

remain interested in discussing potential resolution.  She further advised that Plaintiff consents to re-opening discovery and extending the discovery deadlines as set forth herein.

Additionally, it is our understanding that the GVMM Defendants' prior counsel, Jason Mizrahi, Esq., previously served Plaintiff with the GVMM Defendants' First Request for the Production of Documents, First Set of Interrogatories, and Notice of Deposition on or about June 27, 2022 and that Plaintiff served their discovery demands and interrogatories on Defendants on or about July 7, 2022, but that the parties did not serve their respective discovery responses to the other parties and the parties did not take any depositions.  Indeed, it appears that the parties permitted the discovery deadlines to lapse, without exchanging their respective discovery responses and taking any depositions, because they were attempting to limit their legal costs and settle this matter in good faith through their participation in multiple mediations and conferences.  Based on the Court's December 19, 2022 Order, (1) the prior deadline for the parties to complete fact discovery was January 30, 2023, (2) the prior deadline for the parties to certify as to the close of fact discovery was February 6, 2023, and (3) the deadline for the parties to take the first step in any dispositive motion practice was March 6, 2023.

As discovery in this case is incomplete and prior settlement negotiations failed, the GVMM Defendants respectfully request, on Plaintiff's consent, that the Court re-open discovery and extend: (1) the deadline for the parties to complete fact discovery until September 30, 2024; (2) the deadline for the parties to certify as to the close of fact discovery until October 7, 2024; and (3) the deadline for the parties to take the first step in any dispositive motion practice until October 31, 2024.  This is the first request to re-open discovery and the second request for an extension of time to complete discovery in this case.[3]  The parties submit that no prejudice will result to any of the parties if the Court grants this extension request because none of the parties served their responses to outstanding discovery demands and took any depositions.  Further, there is a strong public policy favoring resolution of disputes on their merits (*See Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 171 (2d Cir.2001)) and no trial date has been scheduled yet.  Accordingly, we respectfully request that the Court grant this application.

We thank the Court for its consideration and continued patience.

                                            Respectfully submitted,

                                            FORCHELLI DEEGAN TERRANA LLP

                                            By:     /s/ Alexander Leong
                                                     Alexander Leong

cc:       All counsel (via ECF)

---

[3] The parties previously moved to extend the discovery deadline on or about December 16, 2022. (See Dkt. No. 21).